IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Caribbean Produce Exchange, Inc.,
    Plaintiff,

v.

Priority RO-RO Services, Inc.,
    Defendant.

Civil No. 04-2298 (GAG)

## OPINION AND ORDER

This action was commenced by plaintiff, Caribbean Produce Exchange ("Caribbean") to recover losses for the alleged damage of two avocado shipments. See Docket No. 1. This matter is presently before the court on a motion for summary judgment submitted by defendant, Priority RO-RO Services ("Priority"). See Docket No. 8. After reviewing the pertinent law, the court **GRANTS** defendant's motion for summary judgment (Docket No. 8).

### I.     Local Anti-Ferreting Rule

At the outset, the court must note that Caribbean has failed to comply with this district's local anti-ferreting rule. Local Rule 56(b) requires the moving party to file, annexed to its motion, "a separate, short and concise statement of the material facts...as to which the moving party contends there is no genuine issue of material fact to be tried." The nonmoving party is then required to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. See Local Rule 56(c). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." See Diaz v. PaviaHealth, 2005 WL 2293578, *3 - 4 (West 2005).

Priority complied with the rule; Caribbean did not. As such, all the material facts set forth in Priority's statement are deemed admitted. See Local Rule 56(e); Cosme Rosado v. Serrano Rodríguez, 360 F. 3d 42, 45 (1st Cir. 2004).

### II.    Statute of Limitations

Priority argues that this case is governed by and therefore subject to the limitations of the

**Civil No. 04-2298 (GAG)**                                     2

Carriage of Goods by Sea Act ("COGSA"), 46 App. U.S.C. § 1301, *et seq*. Specifically, Priority argues that Caribbean's claims are time-barred pursuant to the specific provisions of the statute of limitations contained in § 1303(6). The court agrees.

Priority's bill of lading[1] is subject to the provisions of COGSA, including § 1303(6) which states: "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of goods of the date when the goods should have been delivered." In fact, the term set by § 1303(6) is strictly enforced and permits no interruptions. See Malgor v. Compania Trasatlantica Espanola, 931 F.Supp. 122, 125 (D.P.R. 1996). In this case, there were two shipments of avocados. The first was delivered on November 12, 2002; the second on February 2, 2003. See Docket No. 9, ¶¶ 4, 23. This action was commenced on November 22, 2004. See Docket No. 1. The action is hence time-barred.

Caribbean argues that it was misled into believing that the statute of limitations had been tolled because it was in communication with Priority for settlement, and consequently that Priority would not seek a limitations defense. Indeed, it is undisputed that Caribbean presented claims in writing for its two shipments of avocados; that Priority responded in writing to Caribbean's claims with settlement offers; and that Priority made its initial offers to settle after the one-year time for suit limit had passed. See Docket No. 9, ¶¶ 24, 28 – 30. However, it is also undisputed that Caribbean took no action for almost two months following a lull in settlement negotiations. Id. at ¶¶ 30, 31. Similarly, it took Caribbean almost one month to file the instant action after settlement negotiations had completely collapsed. Id. at ¶¶ 34, 35. Notwithstanding these events, case law dictates that claims made extrajudicially are not sufficient to toll the running of the COGSA statute of limitations. See Malgor, 931 F.Supp. at 125. Furthermore, any argument on Caribbean's part that its was lulled into a false sense of security in that Priority would not assert a statute of limitations defense is equally flawed. See Hyosung v. American President Lines, Ltd., 773 F.Supp. 577, 580 (S.D.N.Y.

---

[1] A bill of lading is a document acknowledging the receipt of goods by a carrier or by the shipper's agent and the contract for the transportation of those goods. It is also the document of title for the goods. Black's Law Dictionary (Bryan A. Garner ed., 8th ed., West 2004).

**Civil No. 04-2298 (GAG)**                3

1991) (finding that carrier was ultimately not estopped from asserting limitations defense because more than one-year had lapsed from purported misdelivery to filing of suit).

### III. Conclusion

Therefore, given that the action is time-barred, the court **GRANTS** defendant's motion for summary judgment as a matter of law. The case is hereby **dismissed with prejudice**.

**SO ORDERED**.

In San Juan, Puerto Rico this 17th day of August 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge